# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINA O. GARDNER, | ) | Case No. CV 11-09616-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On November 18, 2011, Regina O. Gardner ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on March 8, 2012.  On August 27, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and the case remanded for further proceedings in accordance with this Memorandum and Order and with law.

**BACKGROUND**

Plaintiff is a 43 year old female who applied for Social Security Disability Insurance benefits on August 18, 2008, alleging disability beginning October 12, 2007.  (AR 10.)  Plaintiff has not engaged in substantial gainful activity since October 12, 2007, the alleged onset date.  (AR 12.)

Plaintiff's claim was denied initially on January 16, 2009, and on reconsideration on May 14, 2009.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Gail Reich on December 13, 2010, in West Los Angeles, California.  (AR 10.)  Claimant appeared and testified at the hearing, and was represented by counsel.  (AR 10.)  Medical expert ("ME") Minh D. Vu, M.D., and vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing.  (AR 10.)  The ALJ issued an unfavorable decision on January 6, 2011.  (AR 10-25.)  The Appeals Council denied review on September 21, 2011.  (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as the basis for reversal and remand:

1.      Whether the ALJ erred in taking the testimony of the medical expert.

2.      Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2  401 (internal quotation marks and citation omitted).

3       This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

5  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7  "However, a reviewing court must consider the entire record as a whole and may not affirm

8  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10 F.3d 625, 630 (9th Cir. 2007).

11                          **THE SEQUENTIAL EVALUATION**

12      The Social Security Act defines disability as the "inability to engage in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or . . . can be expected to last for a continuous period of not

15 less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

16 established a five-step sequential process to determine whether a claimant is disabled. 20

17 C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

20 in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

22 combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

23 significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

24 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25 impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

26 at 746. If the impediment meets or equals one of the listed impairments, the claimant is

27 presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

28 whether the impairment prevents the claimant from doing past relevant work. Pinto v.

3

Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 12, 2007, the alleged onset date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: lupus, Sjogren's Syndrome, degenerative disc disease, migraines, mild anemia, asthma, and gastritis. (AR 12. )

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

1       At step three, the ALJ determined that Plaintiff does not have an impairment or

2   combination of impairments that meets or medically equals one of the listed impairments.  (AR

3   17.)

4       The ALJ then found that the Plaintiff had the RFC to perform a reduced level of

5   functioning at the light work level as defined in 20 C.F.R. § 404.1567(b) with additional

6   restriction to occasional posturals; she can sustain frequent crouching and crawling; and she

7   must avoid concentrated exposure to irritants and pollutants.   (AR 19.)  The ALJ made no

8   express credibility finding.

9       At step four, the ALJ found that Plaintiff is able to perform past relevant work as a pre-

10  school teacher, not as actually performed, but as this job is performed in the national economy.

11  (AR 23.)  The ALJ found that this work does not require the performance of work-related

12  activities precluded by Plaintiff's RFC.  (AR 23.)  The ALJ also found that there are other jobs in

13  the national economy that would accommodate all limitations, including information clerk,

14  routing clerk, sales attendant, telephone information clerk, charge account clerk, and

15  addressing clerk.  (AR 23.)

16      Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the

17  Social Security Act.  (AR 25.)

18                               **DISCUSSION**

19      The ALJ decision must be reversed.  The ALJ improperly discounted Plaintiff's credibility.

20  The ALJ's RFC therefore is unsupported by substantial evidence.  The ALJ's non-disability

21  decision is not supported by substantial evidence or free of legal error.

22  **I.    THE ALJ DID NOT ERR IN ADMITTING AND CONSIDERING**
    **THE MEDICAL EXPERT'S TESTIMONY**

23      Plaintiff contends that the ALJ failed to qualify Dr. Minh Vu as a medical expert or

24  respond to Plaintiff's post-hearing objections to Dr. Vu's testimony.  Plaintiff contends that

25  Dr. Vu, as an internist, lacked the qualifications and expertise to render opinions on Plaintiff's

26  rheumatologic and orthopedic impairments.  Dr. Vu assessed Plaintiff with an RFC for light

27  work, with limitations, that was accepted by the ALJ.  (AR 22-23.)

28

1  Plaintiff's contention lacks merit.  The ALJ did address Plaintiff's objections to Dr. Vu's
2  testimony in the decision:

3         The Medical Expert meets all criteria to testify as to the physical
4         capability of the claimant.  It is not necessary or required that the Medical
5         Expert be a Board-Certified specialist in every impairment area in order to
6         render a complete assessment which is appropriately based on the medical
7         documentation in the claimant's exhibit file.

8  (AR 23.)  Plaintiff alleges physical impairments that Dr. Vu certainly is qualified to assess and
9  Plaintiff does not contend otherwise.  Dr. Vu testified to considerable experience with lupus and
10 limited experience with Sjogren's syndrome.  (AR 77-78.)  Plaintiff's position would require the
11 ALJ to call a separate specialist in every impairment area.  Plaintiff cites no authority for such a
12 requirement.  Plaintiff's objection goes to weight, not admissibility. 20 C.F.R. § 404.1527(d)(5).

13        Thus, there was no error and, even so, any error would be inconsequential to the
14 outcome and therefore harmless.  <u>Carmickle v. Comm'r of the Soc. Sec. Adm.</u>, 533 F.3d 1155,
15 1162-63 (9th Cir. 2008) (error harmless if inconsequential to the outcome of the non-disability
16 determination).  Here, consulting examiner Dr. Popov also found that Plaintiff could perform
17 light work with limitations.  (AR 22.)  State agency reviewer Dr. Quint gave a similar RFC.  (AR.
18 22, 299-300.)  There was no conflicting medical evidence.  The ALJ relied on all the above
19 evidence in arriving at Plaintiff's RFC.  The ALJ plainly would have reached the same decision,
20 supported by substantial evidence, even without Dr. Vu's testimony.

21        The ALJ did not improperly admit or consider Dr. Vu's testimony and any error in doing
22 so was harmless.[2]

23
24
25
26
_____

27     [2]   Plaintiff's position on Dr. Vu is contradictory.  Plaintiff seeks to exclude Dr. Vu's testimony
28 but relies on Dr. Vu's testimony in challenging the ALJ's treatment of Plaintiff's subjective symptom
testimony.  <u>See</u> <u>infra</u>.

1   **II.     THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

2          Plaintiff contends that the ALJ improperly discounted her subjective symptom testimony

3   that she suffers from disabling fatigue due to her lupus and Sjogren's syndrome impairments.

4   The Court agrees.

5          Plaintiff's contention has implications for the ALJ's RFC assessment.  An RFC is not a

6   medical determination but an administrative finding or legal decision reserved to the

7   Commissioner based on consideration of all the evidence, including the medical evidence, lay

8   witness and subjective symptoms.  See 96-5p; 20 C.F.R. § 1527(e).  In determining a

9   claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical

10  records, lay evidence, and the effects of symptoms, including pain reasonably attributed to the

11  medical condition.  Robbins, 466 F.3d at 888.

12         **A.      The ALJ Improperly Discounted Plaintiff's Credibility**

13                  1.     Relevant Federal Law

14         The test for deciding whether to accept a claimant's subjective symptom testimony turns

15  on whether the claimant produces medical evidence of an impairment that reasonably could be

16  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

17  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v.

18  Chater, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

19  testimony on the severity of symptoms merely because they are unsupported by objective

20  medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds

21  the claimant's pain testimony not credible, the ALJ "must specifically make findings which

22  support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently

23  specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's

24  testimony."  Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); see also Rollins v.

25  Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is

26  evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

27  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

28  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

1 testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722;
2 Smolen, 80 F.3d at 1284.

3         2.   Analysis

4      Plaintiff makes a very focused attack on the ALJ's failure to credit her subjective
5 symptom testimony that she suffers from disabling fatigue due to her severe impairments of
6 lupus and Sjogren's syndrome.  The ALJ decision does not address this attack adequately or
7 offer clear and convincing reasons for discounting Plaintiff's credibility.

8      The ALJ begins her RFC discussion by setting forth the standards for assessing
9 credibility.  Inexplicably, however, the ALJ decision does not expressly address Plaintiff's
10 credibility, at least not in the typical fashion.  The ALJ does not expressly state that Plaintiff's
11 severe impairments of lupus and Sjogren's disease reasonably could be expected to cause her
12 alleged fatigue symptoms.  Nor is there any express finding that Plaintiff's symptoms are not
13 credible to the extent inconsistent with the ALJ's RFC.  The ALJ's failure to provide a specific
14 statement of reasons for discounting Plaintiff's credibility is reflected in the Commissioner's
15 citation in the Joint Stipulation to the entire RFC section in the ALJ decision.  (JS 15-16
16 referring to AR 19-23.)

17      There is objective medical evidence that Plaintiff's severe impairments of lupus and
18 Sjogren's syndrome reasonably could be expected to cause her alleged severe and chronic
19 fatigue symptoms.   Dr. Vu acknowledged that Claimant has lupus and Sjogren's syndrome (AR
20 71), Claimant's complaints of severe fatigue are documented in medical records (AR 74), and
21 lupus and Sjogren's syndrome are "likely to cause severe fatigue."  (AR 74-75.)  The ALJ does
22 not appear to disagree as she acknowledged in her third step general description of Sjogren's
23 syndrome as "an immunomediated disorder of the endocrine glands . . . severe fatigue and
24 malaise are frequently reported."  (AR 19.)  Dr. Vu, moreover, did not doubt Plaintiff's credibility
25 as to her severe fatigue (AR 75), and the ALJ did not make any finding of malingering.  Thus,
26 the ALJ was required to provide clear and convincing reasons supported by substantial
27 evidence for discounting Plaintiff's credibility.  The ALJ failed to do so.

28

1    The ALJ clearly found that the objective medical evidence did not support Plaintiff's
2    alleged disabling severe fatigue symptoms.  Dr. Vu testified that fatigue would bring Plaintiff's
3    RFC assessment down to light work but he did not see objective medical evidence for a more
4    restrictive assessment.  (AR 22-23, 74-76.)  Dr. Popov and Dr. Quint concurred in Dr. Vu's light
5    work RFC with limitations.  There was no contrary medical evidence.  An ALJ may consider a
6    lack of objective medical evidence to corroborate a claimant's subjective symptoms so long as it
7    is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676,
8    680-81 (9th Cir. 2005); Thomas, 278 F.3d at 949.  Here, the ALJ's lack of objective medical
9    evidence rationale, although not sufficient by itself to reject Plaintiff's subjective symptom
10   testimony, is supported by substantial evidence.

11          The deciding issue, then, is whether the ALJ offered additional clear and convincing
12   reasons for discounting Plaintiff's fatigue testimony.  The ALJ asserts inconsistent statements
13   about her daily activities, first noting Plaintiff stated on August 20, 2008, she could walk her son
14   to school daily (AR 21) and then stating in November 2008 that after taking her son to school
15   she had to spend the rest of the day in bed.  (AR 21, 196.)  Inconsistencies in daily activities is
16   a valid credibility consideration.  Thomas, 278 F.3d at 958-59.

17          The ALJ's inconsistent statement rationale, however, does not rise to the level of a clear
18   and convincing reason.  The ALJ's statement that "there is no medical evidence to explain such
19   a change in the claimant's daily functioning" (AR 21) goes back to the ALJ's objective medical
20   evidence rationale and is not a separate reason for discrediting Plaintiff's credibility.  Plaintiff,
21   moreover, testified that she has good days and bad days.  (AR 64, 67.)  The ALJ acknowledges
22   this testimony (AR 21), but fails to address it when considering Plaintiff's credibility.  The fact
23   that Plaintiff carried on some daily activities effectively does not necessarily diminish her
24   credibility as she does not have to be totally incapacitated.  Vertigan v. Halter, 260 F.3d 1044,
25   1050 (9th Cir. 2001); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Smolen, 80 F.3d at
26   1280.  Plaintiff, moreover, contends that lupus and Sjogren's syndrome reasonably could
27   explain any changes in her daily functioning.  There is some evidence to support the ALJ's
28

9

1  finding but the rationale and the evidence supporting it do not meet the clear and convincing

2  standard.

3         Plaintiff also testified she missed work three or four times a month when she was

4  working.  (AR 65.)  The ALJ acknowledged that Plaintiff was not working because of fatigue (AR

5  21), but never addresses this rather important fact in assessing Plaintiff's credibility.

6  Essentially, the ALJ discounted Plaintiff's subjective symptom testimony to the extent

7  inconsistent with the objective medical evidence on which the RFC is based without anything

8  else that would constitute a clear and convincing reason.

9         The ALJ next advances an argument that Plaintiff was able to work despite pre-onset

10 back pain, asthma and migraine impairments.  This finding about Plaintiff's musculosketal and

11 other physical impairments is not challenged by Plaintiff, but is not relevant to the specific issue

12 of fatigue resulting from Plaintiff's auto-immune diseases of lupus and Sjogren's syndrome.

13 Putz v. Astrue, 371 Fed. Appx. 801, 802 (9th Cir. 2010) (rejecting statement about feeling well

14 because it related to her heart condition rather than the chronic fatigue at issue in the case);

15 Samaniego v. Astrue, 2012 WL 254030, at *4 (C.D. Cal. Jan. 27, 2012) (discounting of

16 subjective complaints related to memory and speech limitations is not a clear and convincing

17 reason by itself for discounting claimant's unrelated complaints of pain from degenerative disc

18 disease and fibromyalgia).

19        The Court also is concerned that Plaintiff has multiple severe and non-severe

20 impairments, yet there is no indication that the ALJ or ME considered the combined effects of

21 those impairments in determining Plaintiff's RFC.  An ALJ must consider a claimant's illnesses

22 in combination and "not be fragmentized in evaluating the effects."  Beecher v. Heckler, 756

23 F.2d 693, 694-95 (9th Cir. 1985).  An ALJ must consider the combined effect of all of a

24 claimant's impairments in his or her ability to function "without regard to whether each alone

25 was sufficiently severe."  Smolen, 80 F.3d at 1290.  The ALJ decision addresses each

26 impairment in isolation from the rest, without any consideration of the effect of Plaintiff's

27 combined severe and non-severe impairments on her ability to function in the workplace.

28

1     The ALJ improperly discounted Plaintiff's credibility.  The ALJ failed to present clear and

2  convincing reasons supported by substantial evidence for discounting Plaintiff's credibility

3  concerning her fatigue.  As a result, the ALJ's RFC is not supported by substantial evidence.

4  The ALJ's non-disability determination is not supported by substantial evidence nor free of legal

5  error.

6                                    **ORDER**

7     IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

8  REVERSED and REMANDED for further proceedings in accordance with law and with this

9  Memorandum Opinion and Order.

10    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

11

12  DATED: <u>September 14, 2012</u>                    */s/ John E. McDermott*
13                                           JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28